# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CRISTAL STOUTZENBERGER, ) | |
| ) | CIVIL ACTION |
| PLAINTIFF, ) | FILE NO. |
| ) | Jury Trial Demanded |
| ) | |
| V. ) | |
| ) | |
| PYE BARKER FIRE & ) | |
| SAFETY, LLC, ) | |
| ) | |
| DEFENDANT. ) | |

## PLAINTIFF CRISTAL STOUTZENBERGER'S COMPLAINT

COMES NOW, Plaintiff Cristal Stoutzenberger who files her Complaint against Defendant Pye Barker Fire & Safety, LLC. at the following address: 11605 Haynes Bridge Rd., Ste. 350, Alpharetta, GA 30009 (hereafter "Defendant") and alleges as follows:

### I.   Nature of Complaint

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II.     JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 4607 North Landing Drive, Marietta, Georgia 30066, Cobb County, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Plaintiff has been employed by Defendant from March 25, 2002 to the present, at her home office at 4607 North Landing Drive, Marietta, Georgia 30066, Cobb County, or at Defendant's place of business at 11605 Haynes Bridge Road, Suite 350, Alpharetta, Georgia 30009, and worked within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) she was not paid for all time worked, (2) she was not paid overtime for work performed in excess of 40 hours in

a single work week during parts of her employment, and alleges that these violations of the FLSA occurred throughout Georgia and her home office of at her home office at 4607 North Landing Drive, Marietta, Georgia 30066, Cobb County, or at Defendant's place of business at 11605 Haynes Bridge Road, Suite 350, Alpharetta, Georgia 30009, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III. PARTIES AND FACTS

7.

Plaintiff was employed by Defendant from March 25, 2002 until the present, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

8.

During the dates alleged in paragraph seven of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was paid a salary in her positions with Defendant from January of 2018 until January of 2021.

10.

Plaintiff was not paid overtime in her position(s) with Defendant from January 2018 until January of 2021.

11.

During her employment from January 2018 until January of 2021, Plaintiff was entitled to overtime pay at a rate of 1 ½ times her Regular Rate of pay for hours in excess of 40 hours in a single work week under the FLSA.

12.

During her employment from January 2018 until January of 2021, Plaintiff's Regular Rate of Pay should have included any bonus or performance based compensation in addition to her salary.

13.

During her employment from January 2018 until January of 2021, Plaintiff's bonus or performance based compensation in addition to her salary received in addition to her salary additional compensation properly characterized as bonus or performance based compensation which should have been included in her Regular Rate of compensation for purposes of the FLSA if she was not exempt from the overtime provisions of the FLSA.

14.

Even when Plaintiff worked more than forty hours per week from January 2018 until January of 2021, Defendant failed to pay Plaintiff for all the time that she worked.

15.

During her employment from January 2018 until January of 2021, Plaintiff was instructed by Defendant that she was not entitled to overtime compensation.

16.

During her employment from January 2018 until January of 2021, Plaintiff did not sell or offer products to the businesses served by Defendant nor did she negotiate the terms of any contract between Defendant and its customers.

17.

During her employment from January 2018 until January of 2021, Plaintiff was paid on a salary basis and did not receive commissions.

18.

During her employment from January 2018 until January of 2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff's primary duty was not managing the enterprise or managing a customarily recognized department or subdivision of the enterprise.

19.

During her employment from January 2018 until January of 2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not customarily and regularly direct the work of at least two other full-time employees or the equivalent.

20.

During her employment from January 2018 until January of 2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the executive exemption because Plaintiff did not have the authority to hire or fire other employees or have her suggestions and recommendations regarding the hiring, firing,

advancement, promotion, or any other change in status of other employees be given particular weight.

21.

During her employment from January 2018 until January of 2021, Plaintiff's position(s) did not require her to have an academic degree in a field directly related to the employee's occupation.

22.

During her employment from January 2018 until January of 2021, Plaintiff's position(s) did not require her to have an academic degree in a field directly related to the employee's occupation including a degree in accounting, law, or engineering.

23.

During her employment from January 2018 until January of 2021, Plaintiff's position(s) did not require her to perform a primary duty requiring advanced accounting, or legal, or engineering knowledge.

24.

During her employment from January 2018 until January of 2021, Plaintiff's primary duty was not to exercise discretion and independent judgment of learned professional and Plaintiff was not exempt from the overtime requirements of the FLSA as a learned professional.

25.

During her employment from January 2018 until January of 2021, Plaintiff's primary duty was not the performance of office or non-manual work directly related to the management or general business operations of the employer or the employers' customers'.

26.

During her employment from January 2018 until January of 2021, Plaintiff did not include the exercise of discretion and independent judgment with respect to matters of significance.

27.

During her employment from January 2018 until January of 2021, Plaintiff was not exempt from the overtime requirements of the FLSA under the Administrative Exemption.

28.

During her employment from January 2018 until January of 2021, Defendant did not accurately record or keep the time Plaintiff actually worked, but instead only ignored the tracking of Plaintiff's actual work time and paid her a set salary for each work week.

29.

During her employment from January 2018 until January of 2021, Plaintiff was not exempt from the overtime provisions of the FLSA under the executive, administrative or professional exemptions of the FLSA.

30.

During her employment from January 2018 until January of 2021, Plaintiff was instructed by Defendant that she was not entitled to overtime compensation.

31.

During her employment from January 2018 until January of 2021, Plaintiff has been denied overtime compensation, even when she worked in excess of forty hours per week.

**COUNT I**
**Violations of the FLSA**

32.

Plaintiff reasserts and re-alleges the allegations set forth above.

33.

At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

34.

The FLSA regulates, among other things, the payment of overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

35.

Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

36.

Defendant violated the FLSA by failing to pay Plaintiff for overtime. In the course of perpetrating these unlawful practices, Defendant has also willfully failed to keep accurate records of all hours worked by Plaintiff.

37.

Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff.

38.

Plaintiff is entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of the fact, that its conduct was prohibited by the FLSA.

39.

Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

40.

As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated

damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

41.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period.

42.

Defendant's failure to pay Plaintiff for all time worked and for additional work after scheduled shifts including reading and responding to e-mails, texts, phone calls and completing other work related paperwork after a scheduled shift, constitutes a violation of the minimum wage provisions of the FLSA.

43.

Defendant failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

44.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

45.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statute of limitations to be applied to Defendant's violations is a three-year period

**COUNT II**
**FLSA RETALIATION**

46.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

47.

During her employment from January 2018 until January of 2021, Plaintiff asked why her job duties did not entitle her to overtime and informed and informed Defendant of the amounts of hours she had worked.

48.

During her employment from January 2018 until January of 2021, Plaintiff was told by Defendant that her job was exempt from the overtime provisions of the FLSA.

49.

During her employment from January 2018 until January of 2021, after Plaintiff inquired about whether she was entitled to overtime and after Defendant refused to pay her overtime, Defendant retaliated against Plaintiff by changing her work duties and opportunities for pay constituting an adverse employment action and retaliation under the FLSA.

50.

As a result of Defendant's retaliation in violation of the FLSA, Plaintiff is entitled to unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

**PRAYER FOR RELIEF**

51.

Wherefore, Plaintiff Cristal Stoutzenberger requests a jury trial and damages in the form of (1) for violations of the FLSA: unpaid work time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal

amount, and an award of attorney's fees and costs, and (2) for retaliation in violation of the FLSA:  unpaid work time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

Submitted this _3rd_ day of _February_, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

*Counsel for Plaintiff*

## **CERTIFICATE OF COUNSEL**

Pursuant to Local Rule 7.1, the undersigned attorney certifies that this motion was prepared with Time New Roman (14 point), one of the fonts and point selections approved by the Court in Local Rule 5.1C.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com

*Counsel for Plaintiff*