IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CRISTAL STOUTZENBERGER ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action File No. |
| v. ) | 1:21-CV-00516-SCJ |
| ) | |
| PYE BARKER FIRE & ) | JURY TRIAL DEMANDED |
| SAFETY, LLC, ) | |
| ) | |
| Defendant. ) | |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

Plaintiff Cristal Stoutzenberger ("Plaintiff"), and Defendant Pye Barker Fire & Safety, LLC ("Defendant") (collectively "the Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standards Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I.   Legal Principles**

Pursuant to the case law regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims

under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement. *Id.*; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960, 961 (5th Cir. 1947). In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendant. The proposed settlement arises out of an action brought by the Plaintiff against her employer, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was entitled to overtime compensation as Defendant contends that Plaintiff was exempt from overtime under the Administrative Exemption, 29 U.S.C. § 213(a), throughout the relevant time period. The Parties also dispute how many hours over 40 per week Plaintiff worked during the relevant period of employment with Defendant. The Parties further dispute whether liquidated damages are appropriate. Defendant contends that it can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260, even if a factfinder were to determine that Plaintiff was misclassified as exempt. Finally, the Parties dispute whether the appropriate remedy for the allegedly unpaid overtime is "half-time" of Plaintiff's "regular rate" or "time-and-a-half" of Plaintiff's "regular rate." The Parties agree

that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The Parties' counsel attended an in-person mediation on July 28, 2021 with private mediator Lee Parks, Esq. The Parties formulated and exchanged their own proposed settlement figures both prior to and during the mediation with Mr. Parks. The Parties engaged in settlement discussions based upon their independent calculations. The Parties, through their attorneys, voluntarily agreed to the terms of their settlement agreements during negotiations. All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Summary of the Settlement

The Parties' settlement agreement is attached hereto as "Exhibit A." During Plaintiff's employment, she was paid on a salary basis and she contends that she was misclassified as exempt and therefore is entitled to recover unpaid overtime for all hours worked over 40 per week during the relevant time period.

Defendant contends that Plaintiff was an exempt employee and as such Defendant did not track Plaintiff's hours of work for pay purposes. If Defendant were to prevail on its contention that Plaintiff was properly classified as exempt from overtime under the FLSA, Plaintiff's damages would be $0. The Parties' proposed settlement will provide Plaintiff with $62,936.50, less applicable wage

withholdings on half this amount. The $62,936.50 constitutes a fair compromise of the value of Plaintiff's claims in light of the risk.

Pursuant to Plaintiff's contingency fee agreement with his counsel, Plaintiff's counsel will receive a total of $32,063.50 in attorney's fees and costs. This is 33.75% of the overall recovery and results from a contingency agreement of 33.33% and payment by Stoutzenberger of $402.30 in litigation costs in accordance with her fee arrangement.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties and dismiss the instant action with prejudice. The Parties further request that the Court retain jurisdiction to enforce the terms of the settlement.

Respectfully submitted this 23rd day of August, 2021.

| **DONALD W. BENSON, LLC** | **JACKSON LEWIS, P.C.** |
|---|---|
| */s/ Donald W. Benson* | */s/ Eric R. Magnus* |
| Donald W. Benson | Eric R. Magnus |
| Georgia Bar No. 052350 | Georgia Bar No. 801405 |
| 3284 Cambridge Avenue | 171 17th Street, NW, Suite 1200 |
| Duluth, Ga. 30096 | Atlanta, GA 30363 |
| 678-357-6658 | (404) 525-8200 |
| attorneydonbenson3284@gmail.com | (404) 525-1173 |
| | Eric.magnus@jacksonlewis.com |
| Attorney for Plaintiff | Attorney for Defendant |

# IN THE UNITED STATES DISTRICT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **CRISTAL STOUTZENBERGER** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File No.** |
| v. | ) | **1:21-CV-00516-SCJ** |
| | ) | |
| **PYE BARKER FIRE &** | ) | **JURY TRIAL DEMANDED** |
| **SAFETY, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the Joint Motion for Settlement Approval with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

This 23rd day of August, 2021.

/s/ *Eric R. Magnus*
Eric R. Magnus
Georgia Bar No. 801405

6

# Exhibit A

# **SETTLEMENT AGREEMENT**

Pye Barker Fire & Safety, LLC ("Defendant") and Cristal Stoutzenberger, Stoutzenberger's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Stoutzenberger"), agree that:

1. **Consideration.** In consideration for signing this Agreement, and complying with its terms, Defendant agrees:

    a. to pay to Stoutzenberger Thirty-One Thousand, Four-Hundred Sixty-Eight Dollars and Twenty-Five Cents ($31,468.25) as wages, to be reported by Stoutzenberger as W-2 income within fifteen (15) business days after the later of: (1) Defendant's receipt of a signed copy of this Agreement; and (2) the Northern District of Georgia's approval of the Parties' settlement of Stoutzenberger Stoutzenberger's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:21-CV-00516-SCJ.

    b. to pay to Stoutzenberger Thirty-One Thousand, Four-Hundred Sixty-Eight Dollars and Twenty-Five Cents ($31,468.25) as non-wage income as liquidated damages, to be reported by Stoutzenberger as 1099 income within fifteen (15) business days after the later of: (1) Defendant's receipt of a signed copy of this Agreement; (2) the Northern District of Georgia's approval of the Parties' settlement of Stoutzenberger's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:21-CV-00516-SCJ; and (3) Stoutzenberger's provision to Defendant of an IRS Form W-9.

    c. to pay to Donald W. Benson, LLC Thirty-Two Thousand, Sixty-Three Dollars and Fifty Cents ($32,063.50) as non-wage income, to be reported as 1099 income, within fifteen (15) business days after the later of: (1) Defendant's receipt of a signed copy of this Agreement; (2) the Northern District of Georgia's approval of the Parties' settlement of Stoutzenberger's claims under the Fair Labor Standards Act ("FLSA") in Case No. 1:21-CV-00516-SCJ; and (3) Donald W. Benson, LLC's provision to Defendant of an IRS Form W-9.

    d. to pay all costs associated with the mediation of Case No. 1:21-CV-00516-SCJ.

    e. Stoutzenberger agrees that Stoutzenberger is responsible for all applicable taxes, if any, as a result of the receipt of these monies in this Paragraph.

2. **No Consideration Absent Execution of this Agreement.** Stoutzenberger understands and agrees that Stoutzenberger would not receive the monies and/or benefits specified in paragraph "1" above, except for Stoutzenberger's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release, Claims Not Released and Related Provisions**

a. **Release of All Wage and Hour Claims**. Stoutzenberger knowingly and voluntarily releases and forever discharges Defendant, its parent corporations, affiliates, subsidiaries, divisions, customers and clients, predecessors, insurers, successors and assigns, and their current and former attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all wage claims, known and unknown, asserted or unasserted, which Stoutzenberger has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violations of the Fair Labor Standards Act ("FLSA") including wage, penalties and retaliation claims and any state wage and hour statutes, that were or could have been alleged in Stoutzenberger's Complaint against Defendant.

b. **Claims Not Released.** Stoutzenberger is not waiving any rights she may have to: (a) her own vested accrued benefits under Defendant's health, welfare, or retirement benefit plans as of the Separation Date; (b) pursue claims which by law cannot be waived by signing this Agreement; (c) enforce this Agreement; and/or (d) challenge the validity of this Agreement.

c. **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Stoutzenberger from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Stoutzenberger agrees that if such an administrative claim is made, Stoutzenberger shall not be entitled to recover any individual monetary relief or other individual remedies.

d. **Collective/Class Action Waiver**. If any claim is not subject to release, to the extent permitted by law, Stoutzenberger waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendant or any other Releasee identified in this Agreement is a party

4. **Acknowledgments and Affirmations.**

Stoutzenberger affirms that Stoutzenberger has not filed, caused to be filed, or presently is a party to any claim against Defendant, except Case No. 1:21-CV-00516-SCJ pending in the United States District Court, Northern District of Georgia.

Defendant affirms that it has not filed, caused to be filed, or are presently a party to any claim or counterclaim against Stoutzenberger.

2

Stoutzenberger also affirms that, following this settlement, Stoutzenberger has reported all hours worked as of the date Stoutzenberger signs this Agreement and upon receipt of the above referenced funds will have been paid and/or received all compensation, wages, bonuses, commissions, and/or benefits which are due and payable as of the date Stoutzenberger signs this Agreement.

Stoutzenberger represents that she has not received Medicare benefits for the treatment of emotional distress in connection with his claims asserted against Defendant. Stoutzenberger further represents that, if she has received treatment through the Medicare program for any accident, occurrence, injury, illness, disease, loss, claim, demand, or damages, such treatment was unrelated to his claims asserted against Defendant.

Stoutzenberger acknowledges that Stoutzenberger has not relied on any representations, promises, or agreements of any kind made to Stoutzenberger in connection with Stoutzenberger's decision to accept this Agreement, except for those set forth in this Agreement.

Stoutzenberger further affirms that Stoutzenberger has no known workplace injuries or occupational diseases.

Stoutzenberger further affirms that Stoutzenberger has not reported internally to Defendant any allegations of wrongdoing by Defendant or its officers, including any allegations of corporate fraud, and Stoutzenberger has not been retaliated against for reporting any such allegations internally to Defendant.

5. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of Georgia without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

3

7. **Amendment**. This Agreement may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement.

STOUTZENBERGER IS ADVISED THAT STOUTZENBERGER HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. STOUTZENBERGER ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO STOUTZENBERGER'S SIGNING OF THIS AGREEMENT.

STOUTZENBERGER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS STOUTZENBERGER HAS OR MIGHT HAVE AGAINST RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: _____
Cristal Stoutzenberger

Date: 19 Aug 21

Pye Barker Fire & Safety, LLC

By: _____
Joseph Hightower
COO

Date: _____

4833-8889-1636, v. 1

**STOUTZENBERGER IS ADVISED THAT STOUTZENBERGER HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. STOUTZENBERGER ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO STOUTZENBERGER'S SIGNING OF THIS AGREEMENT.**

**STOUTZENBERGER FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL WAGE CLAIMS STOUTZENBERGER HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

|  | Pye Barker Fire & Safety, LLC |
|---|---|
| By:_____ | By: *Joseph Hightower* (DocuSigned) |
| Cristal Stoutzenberger | Joseph Hightower |
|  | COO |
| Date:_____ | Date: 8/20/2021 |

4833-8889-1636, v. 1

4